UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LYDELL HARRIS,

                Petitioner,

                            **OPINION & ORDER**
                            CV-06-1337

-against-


DALE ARTUS,

                Respondent..
----------------------------------------------------------X
FEUERSTEIN, J.

On May 20, 2002, a judgment of conviction was entered against petitioner Lydell Harris (petitioner) in the Supreme Court of the State of New York, Kings County (Gerges, J.), upon a jury verdict finding him guilty of murder in the second degree (N.Y. Penal Law § 125.25[2]) and imposition of sentence to an indeterminate term of imprisonment of twenty-five years to life. On March 20, 2006, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now seeks a stay and abeyance of his petition for ninety (90) days so that he can exhaust his claims in state court. For the reasons set forth herein, petitioner's application is denied.

I.     BACKGROUND

On May 20, 2002, a judgment of conviction was entered against petitioner in the Supreme Court, Kings County (Gerges, J.), upon a jury verdict finding petitioner guilty of murder in the

1

second degree in violation of N.Y. Penal Law § 125.25(2) and imposition of sentence of an indeterminate term of imprisonment of twenty-five years to life.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department on the grounds (1) that the prosecutor improperly elicited evidence regarding his dismemberment of the decedent's body and the attempts of the decedent's family to locate the decedent; and (2) that evidence that he had been convicted and sentenced at the first trial, which judgment of conviction was reversed by the New York Court of Appeals on appeal, and remained incarcerated pending the second trial undermined the presumption of innocence. On June 7, 2004, the Appellate Division affirmed the judgment of conviction on the grounds that petitioner's claims were unexhausted and, in any event, were without merit. People v. Harris, 8 A.D.3d 402, 777 N.Y.S.2d 762 (2d Dept. 2004). On August 23, 2004, the Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Harris, 3 N.Y.3d 675, 784 N.Y.S.2d 14, 817 N.E.2d 832 (2004). Thus, petitioner's judgment of conviction became final on November 22, 2004, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court.

On or about May 3, 2005, petitioner filed a petition for a writ of error coram nobis to vacate the June 7, 2004 order of the Appellate Division affirming the judgment of conviction on the ground of ineffective assistance of appellate counsel. By order dated November 7, 2005, the Appellate Division denied petitioner's application for a writ of error coram nobis, finding that petitioner failed to establish that he was denied the effective assistance of appellate counsel. People v. Harris, 23 A.D.3d 398, 803 N.Y.S.2d 435 (2d Dept. 2005). Petitioner did not seek leave to appeal the denial of his application for a writ of error coram nobis to the Court of

Appeals within the thirty day period prescribed by N.Y. C.P.L. § 460.10(5). However, petitioner's time within which to seek an extension of time to appeal the order pursuant to N.Y. C.P.L. § 460.30(1) has not expired.

On March 20, 2006, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) that the prosecutor improperly elicited evidence regarding his dismemberment of the decedent's body and the attempts of the decedent's family to locate the decedent; and (2) that evidence that he had been convicted and sentenced at the first trial and remained incarcerated pending the second trial undermined the presumption of innocence.

Petitioner now moves for an order staying this proceeding and holding it in abeyance pending his exhaustion of the issues of prosecutorial and judicial misconduct in state court by way of a motion to vacate the judgment of conviction pursuant to N.Y. C.P.L. § 440.10. According to petitioner, the issues he seeks to raise in the motion to vacate involve matters occurring dehors the record and which his appellate counsel was, therefore, unable to raise on direct appeal. Respondent does not oppose the motion.

II.  DISCUSSION

A.  The AEDPA

The Anti Terrorism and Effective Death Penalty Act (AEDPA) 28 U.S.C. § 2254 governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

"from the latest of– (A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Although the limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), the filing of a petition for habeas corpus relief in federal court does not toll the statute of limitations prescribed by the AEDPA. Rhine v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Since petitioner's judgment of conviction became final on November 22, 2004, he had one year from that date, or until November 22, 2005, within which to file a petition for a writ of habeas corpus. However, the limitations period is tolled during the pendency of his petition for a writ of error coram nobis. A matter is "pending" from the time it is properly filed until the time it is finally disposed of and further appellate review is unavailable under applicable state procedures. See Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). Since petitioner still has until December 7, 2006 within which to seek an extension of time to seek leave to appeal the November 7, 2005 order of the Appellate Division denying his application for a writ of error coram nobis, the statute of limitations under AEDPA remains tolled until such time.

B.  Exhaustion

The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal

4

court, a petitioner "exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir.2000)(citation omitted, insertion in original). The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed. 2d 64 (2004); see also Jones v. Keane, 329 F.3d 290, 294-295 (2d Cir. 2003). In cases involving petitions containing both exhausted and unexhausted claims, a federal district court may (1) stay the proceeding until such time as the petitioner has returned to state court and exhausted his previously unexhausted claims; (2) dismiss the "mixed" petition, without prejudice, until the claims have been exhausted in state court, unless the claims could not be raised following exhaustion pursuant to the one year statute of limitations prescribed by the AEDPA; (3) give the petitioner an opportunity to withdraw the unexhausted claim or claims; or (4) deny the petition on the merits. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1533-1535, 161 L.Ed.2d 440 (2005); Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003).

Both petitioner and respondent cite to the Second Circuit case Zarvela v. Artuz, 254 F.3d 374, 481 (2d Cir. 2001) in support of the "stay and abeyance" option. However, in Rhines, the Supreme Court held that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277, 125 S.Ct. 1528. Even when the petitioner has demonstrated good cause for his or her failure to exhaust, the district court should not grant a stay when the unexhausted claims are plainly meritless. Id.

5

Initially, it is noted that the two grounds for habeas relief that petitioner asserts in his petition were fully exhausted in state court. To the extent petitioner is requesting leave to amend his petition to add additional claims of prosecutorial and judicial misconduct and is seeking a stay and abeyance so that he can exhaust those additional claims, his application is denied. Petitioner has not proffered any excuse, much less good cause, for his failure to exhaust those claims in state court heretofore. Accordingly, the stay and abeyance option is inappropriate under the facts of this case.

Moreover, as petitioner has not raised any unexhausted claims in his petition, this is not a "mixed" petition. As noted above, supra, petitioner has until December 7, 2006 within which to seek to exhaust any additional claims he may seek to raise. Upon exhaustion of those claims, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure petitioner may seek leave to amend his petition for a writ of habeas corpus to include those claims, provided his petition is still *sub judice*. See, e.g. Mayle v. Felix, ___ U.S. ___, 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005). Accordingly, petitioner's application for a stay and abeyance of his petition is denied.

III. CONCLUSION

Petitioner's application for a stay and abeyance of his petition is denied. Respondent is

directed to serve a copy of his return on the petitioner on or before June 18, 2006 in accordance with this Court's order to show cause entered April 19, 2006.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 1, 2006
Central Islip, New York

Copies to:

Lydell Harris, *pro se*
97A7482
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929-2001

Kings County District Attorney's Office
Renaissance Plaza
350 Jay Street
Brooklyn, New York 11201-2908
Attn: Anthea H. Bruffee
      Assistant District Attorney